Otto Scharlau et al., Appellants, v. Lombard State Bank et al., Defendants. Lew H. Webb and Fred Y. Coffin, Appellees.

Gen. No. 8,859.

Opinion filed January 10, 1935. Rehearing denied February 5, 1935.

HERBERT A. GROTEFELD, of Downers Grove, and GORDON MOFFETT, of Lombard, for appellants; GORDON MOFFETT and EVA R. POLLACK, of Downers Grove, of counsel.

ROSS, BERCHEM & HANSON and HAROLD J. ROSS, all of Chicago, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The appellant, plaintiff below, started suit in the circuit court of DuPage county on behalf of themselves and "of all other creditors of the Lombard State Bank who may choose to join in this cause," to enforce the liability of the defendants to the bill, as stockholders of said bank. The liability sought to be enforced against the defendants is predicated upon section 6, Article 11 of the Constitution of the State of Illinois.

The Lombard State Bank was organized on June 16, 1909, for the purpose of carrying on a general banking business. From the date of its organization until December 19, 1931, this bank carried on the business for which it was organized in the Village of Lombard. On December 19, 1931, pursuant to the request of the board of directors of the bank, the auditor of public accounts of the State of Illinois made an examination of its affairs. As a result of the examination the auditor on December 21, 1931, closed the bank and took possession of the same. On January 18, 1932, the auditor appointed a receiver who took possession of the assets, business, property, and effects thereof.

At the date of closing the bank was indebted to the complainants as follows: To Otto Scharlau in the sum of $97.30; to Otis S. Butler in the sum of $152.30; to C. C. Gillette in the sum of $113.51. After the bank closed certain dividends were paid to the complainants and to other creditors of the bank. The indebtedness due to the complainants was reduced 20 per cent. The bill alleged that all of the stockholders of record at the time of the closing of the bank, and also the stockholders who had owned stock at any period during the time that the bank was doing business, were liable to the creditors of the bank as provided in section 6, Article 11 of the Constitution of the State of Illinois. The defendants Webb and Coffin, now appellees in this court, filed a plea of the statute of limitations and denied liability under this plea. The appellees also filed an answer in which they denied all the material allegations of the bill or that they are liable to the complainants or to any other creditors of the bank, because they had owned stock in the Lombard State Bank.

The court did not pass on the sufficiency of the plea of the statute of limitations, but heard the evidence of the complainants. The major part of the testimony in the case relates to the stockholders, who did not appear and were defaulted. At the close of the testi-

mony of the complainants the court sustained the plea of the appellees and dismissed the bill as to them.

In sustaining the plea of the appellees the court entered a written order which is as follows: "On motion of Ralph E. Webb, solicitor for Lew H. Webb and Fred Y. Coffin, defendants, and due notice of such hearing having been served, and the court having jurisdiction of the above entitled cause and the subject matter thereof and the parties hereto and upon hearing in open court of arguments of counsel on the plea of the statute of limitations filed herein on behalf of the aforesaid defendants, the court finds the defendants, Lew H. Webb and Fred Y. Coffin, each owned ten shares of the stock in the Lombard State Bank, a corporation, a defendant herein, and that the period of such ownership was from May 5, 1920 to May 12, 1921, and that the bill of complaint herein was filed January 29, 1932; and the court finds that the statute of limitations is properly pleaded on behalf of the defendants, Lew H. Webb and Fred Y. Coffin; and the court further finds that the said defendants are not liable to the complainants herein or to the creditors of said Lombard State Bank by reason of their ownership of said stock.

"It Is Therefore Ordered by the Court that said plea of the statute of limitations be and the same is hereby sustained and the motion to dismiss the bill of complaint as to the defendants, Lew H. Webb and Fred Y. Coffin, made by the solicitor for the said parties at the close of the hearing of the aforesaid plea, be and the same is hereby granted and this suit is hereby dismissed as to the defendants, Lew H. Webb and Fred Y. Coffin.

"Enter: William J. Fulton, Judge."

The complainants and the receiver of the bank joined in an appeal to this court.

The appellant's original brief and argument is devoted exclusively to the question as to whether the court erred in sustaining the plea of the statute of limi-

tations to the bill of complaint. The appellees do not specifically admit that the court erred in sustaining their plea of the statute of limitations, but practically admit the same, by not arguing it in their brief. It is the contention of the appellees that the order of the court in dismissing the bill as to them is correct, even though the court may have given a wrong reason for the decision. It is also the contention of the appellees that there is not proper proof in the record which would justify the court in holding them liable as stockholders.

The only evidence which, in any way, connects the appellees as being stockholders in this bank is the testimony of the witness Harry E. Snyder. In the preliminary proof, Mr. Snyder qualified as an expert accountant. Mr. Snyder testified that he examined the books and accounts of the Lombard State Bank after it had been closed and made an analysis of the different accounts to determine the date of their origin. He testified in detail as to how he made this examination. It is not contended by the appellees that Mr. Snyder was not thoroughly competent to make this examination or that the facts as related by him were not true and correct.

Aside from the testimony of Mr. Snyder about the examination that he made of the various accounts, the only evidence in the record to prove the liability of Fred Y. York and Lew H. Webb, appellees in this suit, is Snyder's testimony, which is as follows: "Q. Now, calling your attention to the account of Fred Y. Coffin, state what you found from your examination of the records of the bank in regard to that account? A. He held ten shares from May 5, 1920, to May 12, 1921, during which time the accrued unsatisfied liabilities amounted to $1,928.42. Q. Making a total of how much? A. $1,000.00." The testimony of the same witness in regard to the liability of Mr. Lew H. Webb, is as follows: "Q. Calling your attention to the ac-

count of Mr. Lew H. Webb, will you state from your examination of the record of the bank what the total liabilities accrued while this party was a stockholder and the amount of stock held by him when he was a stockholder? A. He held ten shares from May 5, 1920, to May 12, 1921, during which time the accrued unsatisfied liabilities amounted to $1,928.42. Q. Making a total liability of how much? A. $1,000.''

The defendants, through their attorneys, objected to this evidence on the grounds that it is incompetent, immaterial and a mere conclusion of the witness. As stated, this is the only testimony in the whole record which, in any way, indicates that these men were stockholders in this bank and should be held for the stockholders' liability. There is no proof in the abstract or record which shows the face value of this stock. The abstract states the stock certificates and stubs of the stock books were offered in evidence, but nowhere does this appear in the abstract or in the bill of exceptions. There is no proof in the record that there are any other creditors (except by inference) of the Lombard State Bank aside from the complainants. The only evidence in the record that tends to show that there were other creditors was the testimony of the auditor when he testified to the liabilities of the bank. The only evidence as to the face value of the shares of stock is by the same auditor when he testifies as to the number of shares of stock held by the different stockholders, and when he fixed the liability of each stockholder by multiplying $100 by the number of shares of stock held by each stockholder.

It is conceded that the appellees were not stockholders of the bank at the time it closed, but they had disposed of any stock either of them held approximately 12 years before. At the time Mr. Snyder gave his testimony as to the liability of the appellees on the shares of stock they held, the court did not pass upon the objections of the attorneys for the appellees, but

said, "Show the objection and heard subject to objection." It is our opinion that this evidence was objectionable and the objection should have been sustained at the time the evidence was offered. The witness Snyder attempted to state an ultimate fact which was the province of the court to determine. He should have related the facts and circumstances from which the court could draw his conclusions as to whether the defendants or either of them were liable as charged in the bill of complaint. While it is true that the auditor of public accounts, or a certified accountant, under certain circumstances is permitted to give the result of his finding after the examination of the books of the bank, when they are voluminous, it is not permissible that he state merely his conclusions alone when the case is heard before the court without a jury.

On review it will be presumed that the chancellor considered only the competent evidence in the case, and we will follow that presumption, and that the court in dismissing the bill of complaint as to the defendants did not consider this evidence as being binding on the appellees. The court in the case of *People v. Tallmadge,* 328 Ill. 210, in discussing the rule in regard to the liability of an officer or stockholder to a depositor in a defunct bank, on page 221 states: "The general rule which governs in keeping the account between a bank and a depositor is, that as money is paid in and drawn out, or other debts and credits are entered, with the consent of both parties, in the general banking account of the customer, a balance may be considered as struck at the date of each payment or entry on either side of the accounts. (3 R. C. L. par. 159, p. 530.) The same authority recites that in cases of running accounts, with many debits and credits and no balances other than for the mere purpose of making rests, payments ought to be applied to extinguish the debts according to the priority of time, so that the credits are to be deemed payments *pro tanto* of the debts ante-

cedently due. This is done because it is most just and equitable between. the parties, and also because, when no different intention has been expressed, such is presumed to be the intention of both parties, as being in accordance with the ordinary and usual course of dealing; and between banker and depositor the general rule of appropriation of payments is ordinarily applicable, and indeed, it has been held that in the case of a banking account there is no room for any other appropriation than that which arises from the order in which the receipts and payments take place and are carried into the account. Presumably it is the sum first paid in that is first drawn out; the first item on the debit side that is discharged by the first item on the credit side." The trial court evidently had this rule of law in mind, for the cross-examination of the three complainants shows that two of them had never had a deposit in the bank until long after the appellees had sold their stock and the other complainant may or may not have had a deposit in the bank at the time the appellees held their stock. His testimony is very indefinite, but he says he thinks he had had a deposit in the bank for about 20 years. His cross-examination shows that in the three years prior to the time the bank failed he had a deposit, and had drawn out considerably more money than he had on deposit in the bank at the time it closed. Under the rule as laid down in the *Tallmadge* case, the record is bare of any evidence that there was any indebtedness for which the appellees should be held liable at the time they owned their stock.

The appellants in their reply brief strenuously contend that the appellees raised only one defense in the trial court, that is, the statute of limitation, and, therefore, they should be estopped from raising any other defense in this court. In this the appellants are in error as the answer of the appellees specifically denies they are liable to the creditors of the bank in any sum

whatsoever. The burden of proof was on the complainants to prove the allegations of their bill and this they failed to do. The court's order dismissing the bill says, "And the court further finds that the said defendants are not liable to the complainants herein, or to the creditors of the Lombard State Bank by reason of their ownership of stock" and then follows the order of dismissal.

The court in the case we are now considering made specific findings of fact that the defendants are not liable by reason of their ownership of the stock in question. In the case of *Chicago Title & Trust Co. v. Schwartz*, 339 Ill. 184, there were no specific findings of facts by the chancellor, but merely an abstract showing what the trial court had stated when he rendered his decision. The court in its opinion on pages 196, 197, says: "So far as the abstract shows, the chancellor made no special findings of fact. In the certificate of evidence is an oral statement made by him at the time he entered the decree. Appellants insist that it is apparent from this statement that the chancellor decided the case upon the questions of law, only, and did not decide against appellants upon the merits, although there had been a full hearing thereon. From this premise, appellants argue, in effect, that unless the expressed theories of the chancellor be sustained he cannot be held to have duly exercised his discretion in this case. Where the chancellor reaches a correct conclusion in dismissing a bill for want of equity it can make no difference what led him to such conclusion. (*Morse v. Seibold*, 147 Ill. 318.) It is the decree, and not the statement of the chancellor, which is before us for review. Error cannot be assigned on the statement and its import is of no determining force here. Appellees have the right to sustain this decree upon any facts in the record, whether the reasons given in the chancellor's statement are good or not. (*Pelouze*

*v. Slaughter,* 241 Ill. 215; *Froehlich v. Minwegen,* 304 id. 462.) Moreover, a decree for the defendant needs no evidence to support it, and it must stand unless it affirmatively appears that there was evidence adduced by the complainant or heard at the trial which entitled him to the relief prayed for in the bill. (*Ryan v. Sanford,* 133 Ill. 291.) It cannot be said that appellants made an affirmative showing entitling them to the relief prayed for, and there is no sufficient ground for disturbing the decree.'' In *Froehlich v. Minwegen,* 304 Ill. 462, it is said: ''It is pointed out by the appellant that appellees did not make the contention before the trial court upon which we are asked to and upon which we decide this case. Whether that is true or not, it was appellees' privilege to have the trial court sustained on any theory upon which it could be legally sustained, even though its decision was not based upon such theory.'' There are numerous other Supreme and Appellate Court cases which are authority for this proposition.

It is our opinion that it is proper for the appellees to raise the question in this court whether the complainants in the trial court failed to establish by competent evidence the liability of the appellees. The appellants failed to make out such a case. The order of the circuit court of DuPage county in dismissing the bill of complaint as to appellees is hereby affirmed.

*Affirmed.*